IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SOUTHERN GUARANTY ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-185-WHA |
| ) | |
| MERRY CORNER, L.L.C., ) | |
| TOMMY PINKSTON, MCDONALD ) | |
| ARRINGTON, JAMES HARRINGTON, ) | |
| HENRY HOLLIS, and SUSIE BROWN ) | |
| HARRINGTON, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS SOUTHERN GUARANTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT, OR IN THE ALTERNATIVE, TO STAY

Defendant Merry Corner, L.L.C., ("Merry Corner") moves this Court to dismiss Plaintiff Southern Guaranty Insurance Company's ("Southern Guaranty") Complaint for Declaratory Judgment, or in the alternative, to stay this action pending the resolution of a parallel action presently pending in state court and set for trial. In support of this motion, Merry Corner shows as follows:

A previously filed state court action styled *Pinkston et. al. v. Merry Corner et. al.* (Case No. 05-931) is pending in the Circuit Court of Montgomery County (hereinafter the "underlying suit"). The underlying suit was filed on April 14, 2005, has been the subject of extensive discovery, and is set for trial on May 21, 2007, before Judge William A. Shashy. In the underlying suit, the Plaintiffs generally allege that Merry Corner's development of property for residential and commercial use has caused an alteration of the natural flow of surface water damaging the Plaintiff's property. A copy of the

1/1573581.4

1

complaint as amended is attached hereto and incorporated herein by reference. (Complaint and Amended Complaint attached as Exhibits "A" and "A-1") All parties to this suit, other than the insurer, Southern Guaranty, are parties to the underlying suit. While Southern Guaranty has defended the underlying suit under a reservation of rights for nearly two years, sending a reservation of rights letter to Merry Corner on May 18, 2005, Southern Guaranty by way of this declaratory action, and on the eve of trial, has requested this court to determine if it owes coverage for the damages claimed by the Plaintiffs in the underlying case.

The Declaratory Judgment Act gives federal courts broad discretion to decline or stay declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). A court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. §2201(a) (1998 ed., Supp. V) (emphasis added). The Declaratory Judgment Act is "an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants" and "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

*Wilton* and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), involved circumstances in which "[a]n insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy." *Wilton*, 515 U.S. at 282 (addressing the circumstances found in *Brillhart*). In both cases, the Supreme Court upheld the district court's decision to dismiss or stay a declaratory judgment motion which duplicated matters pending in state court because of concerns over "practicality and wise judicial administration." *Wilton*, 515 U.S. at 288; *See also Brillhart*, 316 U.S. at 495.

This Court should dismiss Southern Guaranty's declaratory judgment action, as a trial in Federal Court would be premature. The pending state court action is set for trial May 21, 2007 and until the underlying state court case is decided, it is impossible to know which exclusions may be applicable to this case. In the alternative, the Court should stay this action pending resolution of the suit in state court.

The fact that a parallel proceeding is pending in a state court in which all matters, other than the coverage issue, can be fairly adjudicated is paramount to a court's decision of whether to entertain a declaratory judgment action. *Wilton*, 515 U.S. at 282; *Brillhart*, 316 U.S. at 494-95; *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126 (1968) ("we reaffirm our prior holding that a federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts"). Such is the case here. A state proceeding involving issues encompassed by the declaratory judgment action has been pending in the Circuit Court of Montgomery County, Alabama since 2005. Indeed the complaint in this case is a scattergun approach to all available exclusions which may be available under the policy. No one can determine at this juncture, which of these exclusions is or may be applicable. Accordingly, the declaratory judgment action should be dismissed or stayed.

### The facts of this case satisfy the factors relevant to dismissal as set out by the Eleventh Circuit.

In 2005, the Eleventh Circuit set forth nine criteria to be applied "where a district court is faced with a declaratory action brought in federal court on the basis of diversity and a subsequent parallel lawsuit on the merits is instituted in state court":

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 n.4 (11th Cir. 2005). *See Wilton*, 515 U.S. at 253 and *Brillhart*, 316 U.S. at 495 (setting forth considerations such as whether all claims can be fairly adjudicated in state court and whether all of the parties are joined in the state action).

Based on the foregoing factors, it is clear that this case is due to be dismissed or stayed. The facts and issues that would have to be decided by this Court in the declaratory judgment action would mirror many of the proceedings that have been ongoing in state court since 2005. *See Ameritas*, 411 F.3d at 1331 n.4 (holding that a factor in determining dismissal is "whether the state trial court is in a better position to evaluate [the underlying] factual issues than is the federal court"). The central question in determining whether to stay or dismiss a suit where there is a parallel state action is "whether the federal action serves some purpose beyond mere duplication of effort." *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973).

Additionally, this action should be stayed or dismissed because the question of Southern Guaranty's liability is contingent on the resolution of the primary issues in the state action. *See Ameritas*, 411 F.3d 1328, 1331 n.4 (holding that a factor in determining dismissal is "whether the underlying factual issues are important to an informed resolution of the case"). Dismissal is proper where resolution of the issues in state court "would settle much of the question of [a party's] current rights and obligations with respect to the other parties." *United States Fidelity and Guaranty v. Algernon-Blair, Inc.*, 705 F. Supp. 1507, 1517 (M.D. Ala. 1988). In *Algernon-Blair*, the insured, Algernon-Blair, was sued for fraud and breach of contract. The insurer, United States Fidelity and Guaranty had issued bonds securing the insured's completion of the contract. *Id* at 1509. The district court dismissed the insurer's declaratory judgment action in part because the insurer's liability was contingent on the resolution of the breach and fraud claims against the insurer, which had to be resolved in the state court action. *Id* at 1515-16. Likewise, in this dispute, Southern Guaranty's obligations to Merry Corner are contingent on the resolution of the Plaintiffs' claims against Merry Corner. If Merry Corner is found not to be liable to the Plaintiffs in the underlying case, then the question of Southern Guaranty's liability is moot. As stated above, that issue is currently set for trial within thirty (30) days. It is a waste of judicial resources to prepare and try this second case when the resolution of the first case is apparently at hand. Moreover, to put the insured to the added expenses of defending, at its own cost, this case when a win in the underlying case would moot this action is prejudicial. A jury verdict against Merry Corner in the underlying action would have to be obtained by the Plaintiffs before this court could effectively determine what portion of the verdict the policy may or may not cover. In this

regard, it is noteworthy that while Southern Guaranty undertakes to establish the alleged applicability of various exclusions under the policy, it does not deny coverage. By comparing the complaint in the underlying case with all the list of exclusions in this case, it is apparent, just on the face of it, that many of those exclusions will find no application.

Forcing the parties to the underlying case to try this case before this court and then try it again in the state court, when the state court trial is scheduled in less than a month is prejudicial and unduly expensive, especially in light of the fact that a trial regarding insurance coverage may not even be necessary if a verdict is rendered in favor of Merry Corner in the underlying case.

WHEREFORE, premises considered, Merry Corner respectfully prays this Court to dismiss this declaratory judgment action or in the alternative, stay this declaratory judgment action pending resolution of the state court action.

Respectfully submitted,

s/ George R. Parker
James W. Gewin (GEW001)
George R. Parker (PAR086)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: gparker@bradleyarant.com

**Attorneys for Defendant Merry Corner L.L.C.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>H.E. Nix, Esq.
>Megan K. McCarthy, Esq.
>Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
>Post Office Box 4128
>Montgomery, AL 36103-4128
>
>J. Doyle Fuller, Esq.
>Law Office of J. Doyle Fuller, P.C.
>2851 Zelda Road
>Montgomery, AL 36106

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/George R. Parker
OF COUNSEL

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TOMMY PINKSTON, McDONALD )
ARRINGTON, JAMES HARRINGTON, )
and HENRY HOLLIS, )
)
    Plaintiffs, )
)
vs. )    CV-05-931
)
MERRY CORNER, L.L.C., and )
FICTITIOUS DEFENDANTS 1 through )
20, inclusive, are those persons, firms, )
corporations or entities who are presently )
unknown to the Plaintiffs who own or )
developed property in the area of the )
property owned by the Plaintiffs and )
from which surface water flows onto the )
Plaintiffs property, )
)
    Defendants. )

FILED 2005 APR 14 PM 3:46 CIRCUIT COURT OF MONTGOMERY COUNTY

## COMPLAINT

1. The Plaintiffs are adult resident citizens of the State of Alabama and are the owners of the title to real property located in Montgomery County, Alabama.

2. The Defendants are the owners and/or developers of real property located in the area of Plaintiffs' property and which is of a higher elevation to the property of the Plaintiffs and from which surface water flows onto and across the Plaintiffs property.

3. Fictitious Defendants 1 through 20, inclusive are those persons, firms, corporations or entities who own or developed property in the area of the property owned by the Plaintiffs and from which surface water flows onto the Plaintiffs' property. The identity of these fictitious defendants is unknown to the Plaintiffs


EXHIBIT "A"

at the present time but will be supplied by amendment to the complaint when discovered.

4. Over the past several years, the various Defendants, at various times have developed their property for residential and commercial uses. As a consequence of that development, the Defendants have substantially altered the natural flow and absorption of surface water on the Defendants' property. The surface water flowing from the Defendants' property has been so significantly altered as to cause an enormous increase in the volume and force of said surface water which subsequently is deposited onto and across the Plaintiffs' property.

5. As a direct and proximate cause of the actions of the Defendants, jointly and severally, the said surface water, once upon the property of the Plaintiffs, has caused and continues to cause great physical damage to the property of the Plaintiffs and thereby interfering with the Plaintiffs' use thereof and greatly reducing the value thereof.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for the following:

1. A permanent injunction enjoining the further depositing of surface water upon the Plainitffs' property;

2. Appropriate damages to be determined by the jury in this case;

3. Interest as may be appropriate;

4. Costs of these proceedings; and

5. Such other, further and different relief to which the Plaintiffs may be entitled.

/s/ J. Doyle Fuller
J. DOYLE FULLER

LAW OFFICE OF
J. DOYLE FULLER
2851 Zelda Road
Montgomery, Alabama 36106
(334) 270-0020

/s/ J. Floyd Minor
J. FLOYD MINOR

MINOR & OLSZEWSKI
P.O. Box 164
Montgomery, Alabama 36101
(334) 265-6200

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TOMMY PINKSTON, McDONALD ARRINGTON, JAMES HARRINGTON, and HENRY HOLLIS<br><br>**Plaintiffs**<br><br>Vs.<br><br>MERRY CORNER, LLC, et al<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. CV-05-931<br>)<br>)<br>)<br>) |

### SUMMONS

This service by certified mail of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO: **MERRY CORNER, LLC**
ADDRESS: **% MICHAEL H. JONES, Registered Agent**
**2531 BELL ROAD #B**
**MONTGOMERY, ALABAMA 36117-0436**

D1

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to J. Doyle Fuller, the lawyer for the Plaintiff(s), whose address is:

The Law Office of J. Doyle Fuller P. C.
2851 Zelda Road
Montgomery, AL 36106.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with Clerk of this court within a reasonable time afterward.

_____
Clerk of Court

Dated: 04/14/05

☐ Return receipt of certified mail received in this office on _____.

*Filed stamp: 2005 APR 14 PM 3:[?] CIRCUIT COURT OF MONTGOMERY COUNTY*

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93 Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT – CIVIL CASE<br>(Not for Domestic Relations Cases) | Case Number  CV-05-931<br>CV ☐☐☐☐ ☐☐☐☐ ☐☐-☐☐<br>Date of Filing:        Judge Code:<br>04 1 4 2005 |

### GENERAL INFORMATION
### IN THE CIRCUIT COURT OF MONTGOMERY ALABAMA

**TOMMY PINKSTON, McDONALD ARRINGTON, JAMES HARRINGTON & HENRY HOLLIS**
Plaintiff.

V.

**MERRY CORNER, LLC, et al**

Defendant.

First Plaintiff: Individual        First Defendant: Business

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA – Wrongful Death
- ☐ TONG – Negligence; General
- ☐ TOMV – Negligence; Motor Vehicle
- ☐ TOWA-Wantonness
- ☐ TOPL – Product Liability/AEMLD
- ☐ TOMM-Malpractice-Medical
- ☐ TOLM-Malpractice-Legal
- ☐ TOOM-Malpractice-Other
- ☐ TBFM-Fraud/Bad Faith/Misrepresentation
- ☐ TOXX-Other:

**TORTS: PROPERTY INJURY**
- ☐ TOPE-Personal Property
- ☐ TORE-Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN-Abandoned Automobile
- ☐ ACCT-Account & Nonmortgage
- ☐ APAA-Administrative Agency Appeal
- ☐ ADPA-Administrative Procedure Act
- ☐ ANPS-Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX-Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT-Civil Rights
- ☐ COND-Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN-Conversion
- ☐ EQND-Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale for Division
- ☐ CVUD-Eviction Appeal/Unlawful Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☒ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN** (check one)  ☒ INITIAL FILING   ☐ APPEAL FROM DISTRICT COURT
☐ REMANDED   ☐ TRANSFERRED FROM OTHER CIRCUIT COURT
☐ OTHER:

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES   ☒ NO
Note: Checking "yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED
☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   April 14, 2005
DATE

J. DOYLE FULLER (FUL005)
Attorney filing this form

**MEDIATION REQUESTED:**   ☐ YES   ☐ NO   ☒ UNDECIDED

WAS

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TOMMY PINKSTON, et al, )
)
Plaintiffs, )
)
vs. )
) CASE NO: CV-2005-931
MERRY CORNER, LLC, et al )
)
Defendants. )
)

FILED CIRCUIT COURT OF MONTGOMERY COUNTY 2005 SEP -6 AM 9:06

## MOTION TO AMEND COMPLAINT AND ADD PLAINTIFF

COMES NOW the Plaintiffs in the above styled cause and move this Court to amend the complaint and add SUSIE BROWN HARRINGTON, as a party Plaintiff and for grounds therefore shows:

1. In the original complaint, James W. Harrington was named as a Plaintiff/property owner.

2. Counsel has now discovered that the real estate involved in said complaint is actually in the name of the wife of James W. Harrington, Susie Brown Harrington.

3. The Plaintiffs wish to add the newly identified property owner as a party to this cause of action.

In all other respects the complaint as originally filed shall remain unchanged. All claims stated in the original complaint are hereby re-stated on behalf of the newly identified Plaintiff as if named and identified in the original complaint.

EXHIBIT "A-1"

*[signature]*

J. DOYLE FULLER (FUL005)
SUSAN G. COPELAND (COP009)
Attorneys for Plaintiff
2851 Zelda Road
Montgomery, Alabama 36106
(334) 270-0020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by depositing a copy of same in the United States mail, postage prepaid and properly addressed on August 31, 2005:

RICHARD A. BALL, JR., ESQ.
BALL, BALL, MATTHEWS & NOVAK, PA
P.O. Box 2148
Montgomery, Alabama 36102-2148

J. FLOYD MINOR, ESQ.
MINOR & OLSZEWSKI
P.O. Box 164
Montgomery, Alabama 36101-0164

*[signature]*

J. DOYLE FULLER

WAS.

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TOMMY PINKSTON, et al, )
)
Plaintiffs, )
)
vs. )
) CASE NO: CV-2005-931
MERRY CORNER, LLC, et al )
)
Defendants. )
)

### MOTION TO AMEND COMPLAINT AND ADD PLAINTIFF

COMES NOW the Plaintiffs in the above styled cause and move this Court to amend the complaint and add SUSIE BROWN HARRINGTON, as a party Plaintiff and for grounds therefore shows:

1. In the original complaint, James W. Harrington was named as a Plaintiff/property owner.

2. Counsel has now discovered that the real estate involved in said complaint is actually in the name of the wife of James W. Harrington, Susie Brown Harrington.

3. The Plaintiffs wish to add the newly identified property owner as a party to this cause of action.

In all other respects the complaint as originally filed shall remain unchanged. All claims stated in the original complaint are hereby re-stated on behalf of the newly identified Plaintiff as if named and identified in the original complaint.

GRANTED 9-15-05
DATE

WILLIAM A. SHASHY
CIRCUIT JUDGE