**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

SOUTHERN GUARANTY             *
INSURANCE COMPANY,            *
                             *
    Plaintiff,               *
                             *
v.                           *        CASE NO. 2:07cv185-WKW
                             *
MERRY CORNER, L.L.C.,        *
TOMMY PINKSTON, MCDONALD     *
ARRINGTON, JAMES HARRINGTON, *
HENRY HOLLIS, and SUSIE      *
BROWN HARRINGTON,            *
                             *
    Defendants.              *

## SOUTHERN GUARANTY'S RESPONSE TO MERRY CORNER, L.L.C.'S MOTION TO DISMISS, OR IN ALTERNATIVE, TO STAY

COMES NOW the Plaintiff, Southern Guaranty Insurance Company (hereinafter "Southern Guaranty"), by and through counsel, and files this Response to Defendant Merry Corner, L.L.C.'s (hereinafter "Merry Corner") Motion to Dismiss Southern Guaranty Insurance Company's Complaint for Declaratory Judgment, or in the Alternative, to Stay. Attached hereto as "Exhibit A" is the Motion to Allow Complaint in Intervention for Participation in Discovery and/ or for Determination of Coverage Issues filed in the lawsuit styled: *Tommy Pinkston, et al. v. Merry Corner, L.L.C., et al.,CV-2005-931*, in the Circuit Court of Montgomery County, Alabama. Attached hereto as "Exhibit B" is Merry Corner's Opposition to Motion to Allow Intervention in the same lawsuit. Merry Corner's motion should be dismissed.

1.    On January 24, 2007, Southern Guaranty filed Exhibit A, the Motion to Allow

Complaint in Intervention in the Alabama State court lawsuit styled: *Tommy Pinkston, et. al v. Merry Corner, LLC, et. al*., CV 2005-931 filed in the Circuit Court of Montgomery County, Alabama. Southern Guaranty requested to intervene in the underlying Alabama State lawsuit for a determination of insurance coverage issues. The court, of course, would bifurcate any potential trial so no prejudice would be visited upon Merry Corner in that matter. *Universal Underwriters Ins. Co. v. East Central Ala. Ford-Mercury, inc., et al.,* 574 So. 2d 716, 723-23 (Ala. 199). Clearly, Southern Guaranty in filing the Motion to Allow Complaint in Intervention sought no prejudice to Merry Corner. Furthermore, an intervention would not unduly delay or prejudice the adjudication of the rights and/or liabilities of the underlying Plaintiffs or the underlying Defendant, would achieve judicial economy through use of a bifurcated proceeding, and would ultimately resolve the coverage issues while fostering a smooth and economic operation of the judicial process. These factors of judicial economy, ease and convenience of determination and the efficient and economic resolution of the coverage issues would have applied to all of the parties and to the Court, but Merry Corner objected to the intervention. (Exhibit B).

2.      On February 2, 2007, Merry Corner filed an Opposition to the Motion to Allow Intervention in the Alabama State case. (Exhibit B). In Merry Corner's Opposition Motion, it argued that intervention by Southern Guaranty would unduly interfere with Merry Corner's defense, and therefore, the Court should deny its request to intervene and require Southern Guaranty to file a completely separate Complaint for Declaratory Judgment.

3.      On February 20, 2007, the Honorable William A. Shashy, in the underlying lawsuit, heard arguments from the parties and orally ruled from the bench denying Southern Guaranty's Motion to Intervene, thereby precluding Southern Guaranty from litigating the coverage issues in the

State case.  (Exhibit B).  The State Court, in denying Southern Guaranty's Motion to Intervene, noted that it relied on Merry Corner's objection when making its decision.  Southern Guaranty is, therefore, not a party to the underlying suit.

       4.     A federal district court that presides over an action for declaratory relief, may exercise its discretion to dismiss the action where another suit is pending in state court, between the <u>same parties</u>, and presenting the <u>same issues</u> of state law. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942), *reaffirmed in Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-288 (1995). In this matter, however, the underlying State lawsuit neither includes Southern Guaranty as a party, nor does it include the coverage issues raised by Southern Guaranty.  Southern Guaranty was denied the right to intervene in the underlying State action based upon Merry Corner's opposition, a copy of which is attached as Exhibit B, and therefore, Southern Guaranty is not a party to that State case. The State case does not present for determination the insurance coverage issues regarding whether Merry Corner is liable to the Plaintiffs for damages and/or injunctive relief because it allegedly developed Lochshire in such a manner as to alter the natural flow of the surface water onto the underlying Plaintiffs' property.  The instant case presents issues related to whether the claims of the underlying Plaintiffs are covered or are not covered by the Southern Guaranty policy and/or are excluded or not excluded by said policy, and whether, Southern Guaranty has a duty to defend and/or indemnify Merry Corner in the underlying State action. (See Complaint for Declaratory Judgment, pp. 13-26).  The underlying State case and the instant case are wholly different in nature and scope, and do not include all of the same parties.

       5.     In *Federal Reserve Bank of Atlanta v. Thomas*, 220 F. 3d 1235 (11th Cir. 2000), the Eleventh Circuit held that it is an abuse of discretion "to dismiss a declaratory judgment action in

-3-

favor of a state court proceeding that does not exist." *Id.* at 1247. There is no State court proceeding that presents these same coverage issues to the State court for determination. It would, therefore, be incorrect for this Court to take the action Merry Corner seeks and to dismiss or stay this action. Furthermore, Southern Guaranty filed this lawsuit only after the State court denied its motion to intervene in the underlying State lawsuit based on Merry Corner's opposition wherein Merry Corner even suggested that a separate Declaratory Judgment action was available to Southern Guaranty. Southern Guaranty has properly filed a Declaratory Judgment action herein seeking a determination of insurance coverage issues and Merry Corner should not again be allowed to thwart Southern Guaranty's legitimate efforts in this regard.

6.     Merry Corner in its Motion to Dismiss Southern Guaranty's Complaint for Declaratory Judgment, or in the Alternative, to Stay, cites nine factors outlined by the Eleventh Circuit in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F. 3d 1328 (2005), that a district court should consider in determining whether to dismiss or stay a declaratory judgment action in favor of a parallel state court action. The application of these nine factors is not appropriate in this case because there is no parallel State proceeding, which is evident in that Southern Guaranty is not a party to the underlying State action and coverage is not an issue in the underlying State action. *American Casualty Co. of Reading, Penn. v. Sanders Hyland Corp.*, 2007 U.S. Dist. LEXIS 19390. In *American Casualty Co.*, Plaintiff American Casualty filed a Complaint for Declaratory Judgment in the United States District Court for the Southern District of Alabama, Southern Division, that requests the court to determine whether it had an obligation to provide a defense or indemnity to Sanders, its insured, in a lawsuit that arose out of the alleged defective construction of condominium units. *Id.* As is the case here, Plaintiff American Casualty was not a party to the underlying case that

-4-

alleged that Sanders defectively constructed condominium units. *Id.* The Court held that it would be an abuse of its discretion to abstain from allowing the declaratory judgment action to move forward under the Eleventh Circuit's holding in *Thomas, supra. Thomas*, 220 F. 3d at 1247 (11th Cir. 2000). Similar to the *American Casualty Co.* case, Southern Guaranty is not a party to the underlying State action and coverage is not an issue in the underlying State action, and therefore, this case should not be dismissed or stayed.

7. The doctrine of judicial estoppel is clearly applicable here due to the fact that Merry Corner is taking inconsistent positions in this case and the underlying State case. "The doctrine of judicial estoppel is applied to the calculated assertion of divergent sworn positions. The doctrine is designed to prevent parties from making a mockery of justice by inconsistent pleading." *Talavera v. School Bd. of Palm Beach County,* 129 F. 3d 1214, 1217 (11th Cir. 1997). In this action, Merry Corner is arguing that this case should be dismissed or stayed because there is an underlying State action that mirrors these proceedings and to move forward with both cases is a waste of judicial resources. (See page 5 of Merry Corner's Motion to Dismiss Southern Guaranty Insurance Company's Complaint for Declaratory Judgment, or in the Alternative, to Stay). Merry Corner's position is clearly divergent and in direct opposition to its position in the underlying State case. (See Exhibit B). When Southern Guaranty attempted to intervene into the underlying state case, Merry Corner filed an Opposition to Motion to Allow Intervention that argued that Southern Guaranty's intervention into that case would unduly interfere with Merry Corner's defense. (Exhibit B). Merry Corner cannot argue in the underlying State case that Southern Guaranty should file a separate Declaratory Judgment action, and then subsequently argue in the Declaratory Judgment action that the case should be dismissed due to the fact that there is a duplicate pending State court action.

Clearly, Merry Corner is attempting to completely block Southern Guaranty from obtaining any determination as to its obligations to Merry Corner under the Southern Guaranty policy. Therefore, this case should not be dismissed or stayed because Southern Guaranty has no other appropriate course of action other than to file this Complaint for Declaratory Judgment.

8.    Merry Corner claims that "a win in the underlying case would moot this action...." (See page 5 of Merry Corner's Motion to Dismiss Southern Guaranty Insurance Company's Complaint for Declaratory Judgment, or in the Alternative, to Stay). This claim is not correct. Southern Guaranty is asking the Court to issue a declaratory judgment as to whether the claims of the underlying Plaintiffs are covered by the Southern Guaranty policy or are excluded by said policy, and whether Southern Guaranty has a duty to defend Merry Corner or to indemnify Merry Corner in the underlying action. It is important for this Court to address whether Southern Guaranty has a duty to defend or indemnify Merry Corner before a verdict is entered in the underlying action in order to completely determine whether Southern Guaranty is obligated to defend and/or indemnify Merry Corner. *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.,* 945 F. Supp. 1510 (M.D. Ala. 1996). It will be prejudicial to Southern Guaranty to wait until a verdict is reached in the State lawsuit because confusion would exist as to Southern Guaranty's obligations to Merry Corner.

WHEREFORE, Southern Guaranty respectfully prays that this Court does not dismiss, or in the alternative, stay this proceeding because Southern Guaranty is not a party to the State court action and the coverage issues raised in this case are not part of the State court action. Therefore, Merry Corner's Motion is due to be denied.

Respectfully submitted this the 11th day of May, 2007.

/s/Megan K. McCarthy
H.E. NIX (NIX007)
MEGAN K. MCCARTHY(MCC149)
Attorneys for Southern Guaranty
Insurance Company

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile
mmccarthy@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by U.S. Mail, postage paid, on this the 11th day of May, 2007:

J. Doyle Fuller, Esq.                     James W. Gewin (GEW001)
Law Office of J. Doyle Fuller, P.C.       George R. Parker (PAR 086)
2851 Zelda Road                           Bradley Arant Rose and White, LLP
Montgomery, AL 36106                      401 Adams Avenue, Suite 780
                                          Montgomery, Alabama 36104

/s/Megan K. McCarthy
OF COUNSEL

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

TOMMY PINKSTON,                    *
MCDONALD ARRINGTON,                *
JAMES HARRINGTON,                  *
HENRY HOLLIS, and SUSIE            *
BROWN HARRINGTON                   *
                                   *
        Plaintiffs,                *        CASE NO. CV-2005-931
                                   *
v.                                 *
                                   *
MERRY CORNER, LLC., et al.,        *
                                   *
        Defendants.                *

## MOTION TO ALLOW COMPLAINT IN INTERVENTION FOR PARTICIPATION IN DISCOVERY AND/ OR FOR DETERMINATION OF COVERAGE ISSUES

COMES NOW Southern Guaranty Insurance Company (hereinafter "Southern Guaranty")

and respectfully moves the Court to allow it to intervene for participation in discovery and/ or for

determination of coverage issues pursuant to *Alabama Rules of Civil Procedure Rule* 24(b)(2), 42(b)

and 49 (2006). Under *Alabama Rules of Civil Procedure Rule* 24(b)(2), the Court has the discretion

to allow a permissive intervention when it is evident that the intervener's "claim or defense and the

main action have a question of law or fact in common." Ala. R. Civ. P. 24(b)(2)(2006). Significant

and numerous questions of law and fact do exist regarding the matters set forth in the underlying

complaint and the complaint in intervention. This case is appropriate for Southern Guaranty's

intervention because of the common questions and because this intervention will not unduly delay

or prejudice the adjudication of the rights of the original parties. Ala. R. Civ. P. 24(b)(2)(2006). The

Court can, by allowing this intervention, achieve judicial economy, prevent delay in the ultimate

resolution of the currently pending case, and in resolution of these coverage issues and foster the

smooth and economic operation of the judicial process in promoting justice. The Court could, if



necessary, allow the parties to submit limited interrogatories to the jury in the underlying case in an effort to simplify the determination of coverage, if the coverage issues are not determined at mediation or otherwise resolved during discovery. *Restor-A-Dent Dental Laboratories, Inc. v. Certified Allow Products, Inc.*, 775 F. 2d 871, 877(2d Cir. 1984). The Court, of course, would bifurcate any potential trial so no prejudice would be visited upon the Defendants in this matter. *Universal Underwriters Ins. Co. v. East Central Ala. Ford-Mercury, Inc. et al.*, 574 So. 2d 716, 723-24 (Ala. 1990). This bifurcation also promotes the ends of justice and judicial economy. Indeed, it promotes economy in litigation expense for the current parties.

Exhibit "A" hereto is a copy of a complaint in Intervention for participation in discovery and/or determination of coverage issues on behalf of Southern Guaranty. Counsel for Southern Guaranty respectfully requests that the Court grant this motion and allow the filing of this Complaint and Southern Guaranty's participation in discovery in the underlying case or in the alternative solely allow Southern Guaranty to participate in discovery in the underlying case.


H.E. NIX (NIX007)
MEGAN K. MCCARTHY (MCC149)
Attorneys for Southern Guaranty
Insurance Company


OF COUNSEL:
Nix Holtsford Gilliland
  Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following by

placing same in the United States Mail, postage prepaid, on this the 24th day of January, 2007:

J. Doyle Fuller
Law Office of J. Doyle Fuller, P.C.
2851 Zelda Road
Montgomery, AL 36106

Richard A. Ball, Jr.
R. Saxon Main
Ball, Ball, Matthews & Novak
P. O. Box 2148
Montgomery, AL 36102

J. Floyd Minor
Minor & Olszewski
P. O. Box 164
Montgomery, AL 36101

OF COUNSEL



ELECTRONICALLY FILED
2/2/2007 12:20 AM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

TOMMY PINKSTON, et al.,          *
                                 *
    Plaintiffs,              *
                                 *
v.                               *     CASE NO. CV-2005-931
                                 *
MERRY CORNER, LLC, et al.,       *
                                 *
    Defendants.              *

### OPPOSITION TO MOTION TO ALLOW INTERVENTION

    Defendant Merry Corner, LLC, opposes the intervention of Southern Guaranty Insurance Company on the following separate and several grounds:

    1.    This cause has been pending since April 14, 2005 and is currently set for trial on April 2, 2007. The depositions of the Plaintiffs are set for February 7 and 8, 2007 and considerable additional preparation and discovery will follow said depositions. The intervention by Southern Guaranty will unduly interfere with Merry Corner's defense of this action.

    2.    The Complaint in Intervention raises a plethora of vague coverage issues, including but not limited to:

        A.    That the Plaintiffs' damage was expected or intended from the standpoint of Merry Corner.

        B.    That the asserted surface water damage to Plaintiffs' property was no accident.



PLAINTIFF'S
EXHIBIT
8

C.    That the Plaintiffs' damage is excluded because it constitutes pollution.

D.    That the Plaintiffs' damage is not covered because it occurred outside the policy period.

E.    That the Plaintiffs' damage is excluded by the fungi exclusion.

F.    That cleaning up Plaintiffs' property is not covered.

G.    That the Plaintiffs' damage is excluded because it results from improperly performed work.

H.    That the Plaintiffs' damage is excluded because it results from work performed by Merry Corner on Plaintiffs' property or constitutes impaired property within the meaning of the subject policy.

I.    That coverage is excluded by an endorsement which excludes coverage for any occurrence predated a "policy period."

While Merry Corner says that coverage exists under the subject policy and none of the grounds asserted by Southern Guaranty is valid, the intervention will unduly interfere with the defense of this case by Merry Corner.

3.    Southern Guaranty has no right to intervene, but rather must seek permissive intervention only which is within the discretion of the Court. Universal Underwriters Insurance Co. v. Anglen, 630 So. 2d 441, 443 (Ala. 1993). The Court should exercise its discretion and deny the subject intervention.

4.    Intervenor does not seek a bifurcated trial and the injection of the subject coverage questions will directly violate the provisions of Rule 18(c) Alabama Rules of

2

Civil Procedure which prohibits a jury trial of liability coverage jointly with a related damage claim.

    5.    In further support of this opposition, Merry Corner cites Your Honor to Mutual Assurance, Inc. v. Chancey, 781 So. 2d 172 (Ala. 2000); Universal Underwriters Ins. Co. v. Anglen, 630 So. 2d 441 (Ala. 1993); Universal Underwriters Ins. Co. v. East Central Alabama Ford-Mercury, Inc., 574 So. 2d 716 (Ala. 1990); Farmers Insurance Exchange v. Raine, 905 So. 2d 832 (Ala. Civ. App. 2005).

                                    /s/ Richard A. Ball, Jr.
                                      RICHARD A. BALL, JR., BALL-004
                                      B. SAXON MAIN, MAI005
                                      Attorneys for Defendant Merry Corner, LLC

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
2000 Interstate Park Drive, Suite 204
Montgomery, AL  36102-2148
Telephone:   (334) 387-7680
Facsimile:   (334) 387-3222

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of the Court, using the AlaFile system which will send notification of such filing to the following registered persons and that those persons not registered with the AlaFile system were served by U.S. mail:

J. Doyle Fuller, Esq.
Law Office of J. Doyle Fuller
2851 Zelda Road
Montgomery, AL  36106

J. Floyd Minor, Esq.
Minor & Olszewski
P.O. Box 164
Montgomery, AL  36101

H.E. Nix, Jr., Esquire
Nix, Holtsford, Gilliland,
Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL  36103


/s/ Richard A. Ball, Jr.
OF COUNSEL