IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SOUTHERN GUARANTY <br> INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MERRY CORNER, L.L.C., <br> TOMMY PINKSTON, MCDONALD <br> ARRINGTON, JAMES HARRINGTON, <br> HENRY HOLLIS, and SUSIE <br> BROWN HARRINGTON, <br><br> Defendants. | CASE NO. 2:07cv185-WKW |

**PLAINTIFF'S MOTION TO EXPEDITE
BRIEFING SCHEDULE FOR DEFENDANT MERRY CORNER**

COMES NOW the Plaintiff, Southern Guaranty Insurance Company (hereinafter "Southern Guaranty"), by and through counsel, and respectfully requests this Honorable Court to enter an Order changing the date by which Merry Corner must respond to the Plaintiff's Response to Merry Corner's Motion to Dismiss, or in the Alternative, To Stay from June 5, 2007 to May 22, 2007, and as grounds therefor states as follows:

1. Neither the issues raised in Merry Corner's Motion to Dismiss, or in the Alternative, To Stay nor the Response of Southern Guaranty raise complex issues.

2. Merry Corner will not be prejudiced by shortening the time for its response to Southern Guaranty's Response to Merry Corner's Motion to Dismiss, or in the Alternative, To Stay.

-1-

3. In fact, Merry Corner has had ample time already to fully brief all issues related to its Motion to Dismiss, or in the Alternative, To Stay and, in fact, Merry Corner has made its submission and filed its brief in conjunction with the filing of its Motion.

4. Further, Merry Corner is familiar with and is in no way taken by surprise with regard to Southern Guaranty's Complaint for Declaratory Judgment. In fact, on January 24, 2007, Southern Guaranty filed a Motion to Allow the Filing of an Intervention by Southern Guaranty in the State court case, which addressed the same subject matter as Southern Guaranty's Complaint for Declaratory Judgment in the instant case. Furthermore, Southern Guaranty had previously issued a Reservation of Rights letter to Merry Corner, setting forth issues and stating portions of Southern Guaranty's Commercial General Liability Policy issued to Merry Corner that would prevent coverage. That letter was submitted by Southern Guaranty to Merry Corner on May 18, 2005.

5. In response to Southern Guaranty's Motion to Allow the Filing of an Intervention for the Purpose of the Determination of Coverage Issues, Merry Corner filed a written Objection on February 2, 2007.

6. On February 20, 2007, the Honorable William A. Shashy, in the State case, which is the subject of this Complaint for Declaratory Judgment, heard arguments from Southern Guaranty in favor of allowing an intervention to determine coverage issues and from Merry Corner in opposition to allowing an intervention by Southern Guaranty for the purpose of determining coverage issues. Judge Shashy ruled from the bench that Southern Guaranty would not be allowed to intervene.

7. After Judge Shashy denied Southern Guaranty's Motion to Allow Intervention upon argument in open court, Southern Guaranty filed this Complaint for Declaratory Judgment regarding the coverage issues raised by the Complaint in the State case.

8. The Motion to Dismiss, or in the Alternative, To Stay filed by Merry Corner seeks to prevent a determination of valid coverage issues that are ripe for determination, and were previously prevented by Merry Corner from being determined in State court. However, in State court, Merry Corner argued that Southern Guaranty had the right to file a separate Declaratory Judgment action. Now that Southern Guaranty has filed a Complaint for Declaratory Judgment, Merry Corner argues that the separate Declaratory Judgment action constitutes a parallel proceeding to the State Court action and should, therefore, be dismissed or stayed. Clearly, this Declaratory Judgment action is not a parallel proceeding to the State Court action.

9. Southern Guaranty, by and through counsel, respectfully submits that the coverage issues are very close to being ready for presentation to the Court on evidence and briefs and that the coverage issues can be and should be decided by the Court expeditiously in view of Southern Guaranty's prior attempt, based upon a reasonable procedure, to have the coverage issues determined. In fact, the State court case is apparently not ready to be tried on May 21, 2007 as stated by counsel for Merry Corner in Merry Corner's Motion to Dismiss, or in the Alternative, To Stay.

10. On May 9, 2007, the Plaintiffs in the State Court case filed a Motion to Continue, a copy of which is attached hereto as Exhibit 1, representing to the Court that the Plaintiffs' two primary experts in that case had unfortunately passed away and that the Plaintiffs had still not been able to replace those experts. Therefore, it appears that the state court case will be continued for a period of time sufficient to allow the Plaintiffs to obtain replacement experts.

11. Additionally, undersigned counsel further would respectfully submit that allowing Merry Corner in the instant case until May 22, 2007 to submit its brief and response to Southern Guaranty's Response to Merry Corner's Motion to Dismiss, or in the Alternative, To Stay, which was filed on May 11, 2007, is ample time for Merry Corner to make such a submission.

12. Allowing Merry Corner to have until June 5, 2007 to submit its brief would take an additional two weeks, which the parties herein could use to prepare the case for presentation to the Court, either by way of Summary Judgment or by way of a stipulation of facts or a partial stipulation of facts with evidentiary submissions and briefs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Southern Guaranty respectfully requests this Honorable Court to enter an Order requiring Merry Corner to respond to the Response to Merry Corner's Motion to Dismiss, or in the Alternative, to Stay no later than May 22, 2007.

Respectfully submitted this the 11th day of May, 2007.

    /s/Megan K. McCarthy
H.E. NIX (NIX007)
MEGAN K. MCCARTHY(MCC149)
Attorneys for Southern Guaranty
Insurance Company

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon the following by U.S. Mail, postage paid, on this the 11th day of May, 2007:

| | |
|---|---|
| J. Doyle Fuller, Esq. | James W. Gewin (GEW001) |
| Law Office of J. Doyle Fuller, P.C. | George R. Parker (PAR 086) |
| 2851 Zelda Road | Bradley Arant Rose and White, LLP |
| Montgomery, AL 36106 | 401 Adams Avenue, Suite 780 |
| | Montgomery, Alabama 36104 |

                    /s/Megan K. McCarthy
                    OF COUNSEL

ELECTRONICALLY FILED
5/9/2007 9:38 AM
CV-2005-000931.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **TOMMY PINKSTON, et al,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO: CV-2005-931 |
| **MERRY CORNER, LLC, et al** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MOTION FOR CONTINUANCE**

Come now the Plaintiffs and move this Court for a continuance of the trial setting of May 21, 2007 in this case on the following grounds:

1. Critical to the Plaintiff's case is evidence of the value of the Plaintiff's property at issue here.

2. Counsel for the Plaintiff had previously arranged for Phillip Fischer to serve as an expert witness as to the value of the Plaintiffs' property. However, Mr. Fischer died several months ago. As soon as counsel learned of Mr. Fischer's death, efforts began to locate another appraiser but to date, counsel has been unable to do so.

3. In addition counsel for the Plaintiff had arranged for testimony from an engineer and hydrologist but unfortunately that witness has also died. Counsel has retained another engineer, but he has had insufficient time to complete his analysis.

4. A continuance of this matter will not only facilitate the Plaintiffs' preparation of their case, but also will allow time for the Defendant to conduct discovery on their issues.

EXHIBIT 1

Respectfully submitted this the 9th day of May, 2007.

/s/ J. Doyle Fuller
J. DOYLE FULLER (FUL005)

Law Office of J. Doyle Fuller, PC
Attorney for Plaintiff
2851 Zelda Road
Montgomery, Alabama 36106
334-270-0020
334-270-9848 fax

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following :

RICHARD A. BALL, JR., ESQ.
BALL, BALL, MATTHEWS & NOVAK, PA
P.O. Box 2148
Montgomery, Alabama 36102-2148

J. FLOYD MINOR, ESQ.
MINOR & OLSZEWSKI
P.O. Box 164
Montgomery, Alabama 36101-0164

on this the 9th day of May, 2007.

/s/ J. Doyle Fuller
Of Counsel