IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SOUTHERN GUARANTY ) <br> INSURANCE COMPANY ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MERRY CORNER, L.L.C., ) <br> TOMMY PINKSTON, MCDONALD ) <br> ARRINGTON, JAMES HARRINGTON, ) <br> HENRY HOLLIS, and SUSIE BROWN ) <br> HARRINGTON, ) <br> ) <br>     Defendants. ) | CASE NO. 2:07-cv-185-WKW |

**MERRY CORNER, L.L.C.'S REPLY TO SOUTHERN GUARANTY'S RESPONSE TO MERRY CORNER, L.L.C.'s MOTION TO DISMISS OR IN THE ALTERNATIVE, TO STAY**

Defendant Merry Corner, L.L.C., ("Merry Corner") files its reply to Southern Guaranty's Response to Merry Corner's Motion to Dismiss or in the Alternative, To Stay ("Response") and in support shows as follows:

As previously stated in its Motion to Dismiss Southern Guaranty Insurance Company's Complaint for Declaratory Judgment, or in the Alternative, To Stay, ("Motion to Dismiss") a state court action styled *Pinkston et. al. v. Merry Corner et. al*. (Case No. 05-931) is pending in the Circuit Court of Montgomery County (hereinafter the "underlying suit"). The underlying suit was filed on April 14, 2005. Southern Guaranty made its first filing in any court requesting a coverage determination as it concerns this litigation on January 24, 2007, nearly two years after the underlying suit was initiated in state court, when it filed its Complaint in Intervention in the underlying suit. At the time Merry Corner's Motion to Dismiss was filed, the underlying suit was set for trial on May

21, 2007, before Judge William A. Shashy. Based on a request for continuance made by the Plaintiffs' in the underlying suit, Judge Shashy, on May 18, 2007, granted a very short continuance, resetting the trial for June 25, 2007. (See Exhibit "A").

The Supreme Court has found that the Declaratory Judgment Act gives federal courts broad discretion in deciding whether to decline or stay declaratory judgment actions based on the statute's language. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The statute provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. §2201(a) (1998 ed., Supp. V) (emphasis added). *Wilton* reserved the question whether the lack of a pending state court proceeding limited a district court's discretion to decide or dismiss a declaratory judgment action. 515 U.S. at 290.

In its Response, Southern Guaranty cites to *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235 (11th Cir. 2000), for the proposition that it is an abuse of discretion to dismiss a declaratory judgment action in favor of a state court action that does not exist. However, the facts of *Federal Reserve* are certainly different from and more complex than the situation before the court. In *Federal Reserve*, the Federal Reserve Bank sought a federal court declaratory judgment of its liability to an injured employee under a state worker's compensation statute. The injured employee brought a related case in state court and filed a motion in federal court to dismiss the federal declaratory judgment action. The federal district court dismissed the case, finding that it did not have subject matter jurisdiction and that the federal court should abstain in deference to the pending state case. The Eleventh Circuit reversed. The court found that under 12 U.S.C. § 632, federal courts have jurisdiction over all suits to which the Federal

Reserve Bank is a party, even if the claims are based on state law. The court noted that the application of section 632 effectively meant that there would be no state court action to which the federal district court could defer, because the Federal Reserve Bank could remove any state case the injured employee might bring. The court concluded that "it is an abuse of discretion ... to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Id.* at 1247 (citing *Michigan Tech Fund v. Century Nat'l Bank of Broward*, 680 F.2d 736 (11th Cir. 1982)). It is not believed that there is any basis for a removal of the underlying suit in this stage of the litigation as was anticipated in *Federal Reserve*, and as pointed out above, the underlying suit is scheduled to try shortly; as such, reliance on *Federal Reserve* is misplaced.

In *Sherwin-Williams Company v. Holmes County*, the Fifth Circuit declined to follow the rationale in *Federal Reserve* and found that a *per se* rule requiring a district court to hear a declaratory judgment action was inconsistent with the discretionary *Brillhart* and *Wilton* standard. 343 F. 3d 383, 393 (5th Cir. 2003). "As the Court stated in *Wilton*, 'the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Sherwin-Williams Company*, 343 F.3d at 394 (quoting *Wilton* at 286). 'In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.' *Sherwin-Williams Company*, 343 F.3d at 394 (quoting *Wilton* 289). "The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding

does not automatically require a district court to dismiss a federal declaratory judgment action." *Id.* at 393.

Even if the underlying suit is not considered to be a parallel proceeding, the fact remains that it has been pending for more than two years and is currently set to try in less than three weeks. While it is admitted that Southern Guaranty is not a party to the underlying suit, the underlying suit itself certainly is not "wholly different in nature and scope" as is suggested by Southern Guaranty. (See Southern Guaranty Response Page 3). All parties to this action, other than Southern Guaranty, are parties to the underlying suit. It is anticipated that at the trial of the underlying suit, many of the witnesses who would be called more than likely would also have to be called to testify concerning coverage issues during the course of a declaratory judgment suit. Also, many of the factual issues that may possibly be presented in the underlying case more than likely will be part of the declaratory judgment action as well. As such, the underlying suit is not "wholly different in nature and scope", and it is a rational approach for this court to either dismiss or stay this action and allow the underlying suit to try first, so as to promote judicial economy.

Southern Guaranty in its Response states that the claim made by Merry Corner that "a win in the underlying case would moot this action..." is not correct. (See Southern Guaranty Response at 6). It further urges that "it is important for this court to address whether Southern Guaranty has a duty to defend or indemnify Merry Corner before a verdict is entered in the underlying action in order to completely determine whether Southern Guaranty is obligated to defend and/or indemnify Merry Corner". (See Southern Guaranty Response at 6). In this dispute, Southern Guaranty's obligations to Merry Corner are clearly contingent on the resolution of the Plaintiffs' claims against

Merry Corner and it is not clear how coverage issues would remain at issue if a defense verdict is rendered in the underlying case. As such, if Merry Corner is found not to be liable to the Plaintiffs in the underlying case, then the question of Southern Guaranty's further liability is moot.

Southern Guaranty cites *Guaranty Nat'l Ins. Co. v. Beeline Stores, Inc.,* 945 F. Supp. 1510 (M.D. Ala. 1996) for the proposition that it is important for the court to address whether Southern Guaranty has a duty to defend or indemnify Merry Corner before a verdict is entered in the underlying action in order to completely determine whether Southern Guaranty is obligated to indemnify and/or defend Merry Corner. In *Beeline,* an insurer sought a declaratory judgment that it had no contractual duty to defend or indemnify the insured employer under an employee benefits liability policy in the employee's state lawsuit against the employer which centered around a worker's compensation claim. The court, after a detailed analysis of the submissions, found there was no duty to defend; however, as to the duty to indemnify, the court followed Seventh Circuit precedent which stated that "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Id.* at 1514-15, (quoting *Nationwide Ins. v. Zavalis,* 52 F. 3d 689, 693 (7th Cir. 1995)). The court noted that because Beeline could potentially prevail in the underlying suit, the issue of whether Guaranty National must indemnify Beeline would be rendered moot and any judicial resources expended on resolving that issue would be wasted. *Id.* at 1515. Further, "the court concludes that the issue of indemnification is not sufficiently ripe to present a 'case' or 'controversy' and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief.". *Id.* While Merry Corner firmly

believes that if this matter were allowed to move forward, coverage would be found under the policy at issue, it is important to note that Southern Guaranty has not ever denied coverage, as this matter is being defended under a reservation of rights. As was stated in Merry Corner's Motion to Dismiss, and pointed out in *Beeline*, it would be a waste of judicial resources to prepare and try the underlying suit when the resolution of the first case is apparently at hand. As such, it is reiterated again that this matter should be dismissed or stayed at this point.

Finally, the doctrine of judicial estoppel is not applicable to Southern Guaranty's argument that inconsistent positions have been taken by Merry Corner. Merry Corner is not trying, through its Motion to Dismiss, to block Southern Guaranty's access to the court. It simply asks this court to either to dismiss or stay this matter until the time is appropriate for this case to proceed, in light of the current trial setting of the underlying trial and the expensive and lengthy discovery that must be taken in order to determine the applicability of the numerous exclusions referenced in Southern Guaranty's Complaint (and newly filed Amended Complaint).

In conclusion, it is a waste of judicial resources for this court, Merry Corner and the Plaintiffs in the underlying case to prepare for this matter when the resolution of the first case is apparently at hand. Moreover, to put the insured to the added expenses of defending, at its own cost, this case, when a win in the underlying case would moot this action is prejudicial.

WHEREFORE, premises considered, Merry Corner respectfully prays this court to dismiss this declaratory judgment action or in the alternative, stay this declaratory judgment action pending resolution of the state court action.

Respectfully submitted,

s/ George R. Parker
James W. Gewin (GEW001)
George R. Parker (PAR086)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: gparker@bradleyarant.com

**Attorneys for Defendant Merry Corner L.L.C.**

**CERTIFICATE OF SERVICE**

  I hereby certify that on June 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  H.E. Nix, Esq.
  Megan K. McCarthy, Esq.
  Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
  Post Office Box 4128
  Montgomery, AL  36103-4128

  J. Doyle Fuller, Esq.
  Law Office of J. Doyle Fuller, P.C.
  2851 Zelda Road
  Montgomery, AL  36106

  and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

                   s/George R. Parker
                     OF COUNSEL



ELECTRONICALLY FILED
5/18/2007 8:32 AM
CV-2005-000931.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| PINKSTON TOMMY )<br>ARRINGTON MCDONALD )<br>HARRINGTON JAMES )<br>HOLLIS HENRY )<br>HARRINGTON SUSIE BROWN )<br>            Plaintiffs  )<br>                      )<br>v.                     )<br>                      )<br>MERRY CORNER LLC )<br>            Defendant  ) | Case No.: 03-CV-2005-000931.00 |

## ORDER

MOTION TO CONTINUE filed by PINKSTON TOMMY, ARRINGTON MCDONALD, HARRINGTON JAMES, HOLLIS HENRY and HARRINGTON SUSIE BROWN is hereby GRANTED.

THIS MATTER IS RESET FOR A JURY TRIAL AT 9:00AM, JUNE 25, 2007, IN COURTROOM 3C OF THE MONTGOMERY COUNTY COURTHOUSE.

DONE this 18th day of May, 2007

/s WILLIAM A. SHASHY
_____
CIRCUIT JUDGE

EXHIBIT "A"